

# Yale Law School

KATE STITH · *Lafayette S. Foster Professor of Law*

March 20, 2018
(revision of request sent on February 21, 2018)

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
One Columbus Circle, N.E.
Washington, DC 20544

Case: 1:18-mc-00079
Assigned To : Howell, Beryl A.
Assign. Date : 6/19/2018
Description: Misc.

To Whom It May Concern:

I am writing to request an order of exemption from PACER fees in all 94 district courts in order to conduct academic research regarding the filing of prior drug felony informations pursuant to 21 U.S.C. § 851. I am a Yale Law School law professor who studies criminal law, criminal procedure, and constitutional law.

My research has been published in the Yale Law Journal, the Harvard Law Review, the Stanford Law Review, and the Federal Sentencing Reporter, among other publications. I have also published research in numerous books and spoken at many academic conferences and fora. Recently, I have become interested in the Attorney General guidance issued to United States Attorney offices and how they influence federal sentencing enhancements, particularly under 21 U.S.C. § 851.

My proposed project has two main objectives. The first is to understand the frequency and fraction of individuals convicted of federal narcotics trafficking who are sentenced under the enhanced sentencing statutes of 21 U.S.C. § 851, which requires that any mandatory minimum sentence be doubled if the prosecuting attorney files in the district court an information demonstrating a previous felony trafficking conviction. Right now, there is limited information about the prevalence of these enhanced sentences within the Department of Justice, the federal courts, and the United States Sentencing Commission. This project would elucidate recent trends in the use of this sentencing enhancement.

The second purpose of this project is to better understand the relationship between the Department of Justice and the U.S. Attorney offices. In particular, we are interested in compliance with a memo issued by Attorney General Eric Holder that directed U.S. Attorney offices to only seek sentencing enhancements under 21 U.S.C. § 851 in the most egregious cases.[1] Because we do not know the previous pattern of filing these enhancements or what occurred after this memorandum was issued, we cannot answer the seemingly simple question of whether the U.S. Attorney offices complied. This research project seeks to investigate this question.

---

[1] Memorandum from Eric H. Holder, Jr., Att'y Gen. of the United States, to U.S. Att'ys and Assistant U.S. Att'ys for the Crim. Div., Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013).

P.O. BOX 208215, NEW HAVEN, CONNECTICUT 06520-8215 · TELEPHONE 203 432-4835 · FACSIMILE 203 432-1957
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511 · EMAIL KATE.STITH@YALE.EDU

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
March 20, 2018
Page 2

The PACER fee schedule indicates a court may grant a fee waiver to an individual researcher associated with an academic institution if the individual researcher demonstrates that paying the normal access fees would result in an unreasonable burden and that the waiver will promote public access to information.[2] While there is a substantial amount of information not requiring PACER access regarding the number and types of criminal cases, these sources do not contain the information about whether a prosecutor sought a sentencing enhancement under § 851. Our project has been in contact with U.S. Attorney offices, the Department of Justice, and the United States Sentencing Commission, none of which has collected this data. After significant investigation, we have determined that the dispositive source for this information is the case docket itself. Because of the nature of PACER fees, however, compiling this information for a single year would likely cost tens of thousands of dollars. Paying the PACER fees for access to these documents constitutes an unreasonable burden and would likely make it impossible to complete this project.

This research will promote public access to information by illuminating the use of a significant statutory sentencing enhancement in drug trafficking cases and also by examining the nature and structure of the U.S. Department of Justice and how it relates to the federal prosecuting offices.

The PACER fee schedule also indicates that the researcher must also show that the defined project is narrow in scope, that the information accessed will not be redistributed on the internet, and that the researcher will not use this information for commercial purposes.[3]

This project is narrow in scope because it is solely concerned with sentencing in federal drug trafficking cases. In particular, we will only be investigating cases in which defendants have been charged under the statutes that may trigger a sentencing enhancement under 21 U.S.C. § 851, namely 21 U.S.C. §§ 841, 846, 952, 953, 960, and 963. On average, this represents 140 cases per district per year.[4] This project anticipates retrieving docket information for as long as it is available on PACER in each district. Assuming that approximately 15 years of docket information is available on PACER, this would mean retrieving information from about 2,100 cases per district, on average.[5]

This project is also narrow in scope because it does not encompass civil cases or other types of prevalent federal criminal cases.

---

[2] JUDICIAL CONFERENCE, ELECTRONIC PUBLIC ACCESS FEE SCHEDULE 3 (2013), http://www.pacer.gov/documents/epa_feesched.pdf.

[3] Id.

[4] There is significant variation in the number of cases where a defendant has been charged under these statutes in a given year. This variation appears to be caused by the size of the district and the particular law enforcement environment in that district. Some districts have a few dozen cases per year, while a smaller number have several hundred cases per year. This analysis was performed using the Federal Judicial Center's Integrated Database. For the purposes of this analysis, year indicates the fiscal year in which a case was initiated.

[5] This project is assuming 15 years of available data because the Administrative Office of the U.S. Courts has informed me that criminal cases are not available on PACER before 2004. Since PACER was rolled out in different districts at different times, this number will likely vary and will be lower for districts that began recording criminal cases in PACER after 2004.

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
March 20, 2018
Page 3

None of the data obtained from this project will be redistributed on the internet or used for commercial purposes. This project will not use PACER for anything other than the academic study of law, and this project will not use PACER for the practice of law, representing clients, or any other fee-generating purpose.

Before submitting the present application, I requested PACER fee exemptions from six district courts, and, have thus far been granted exemptions from four districts —the Southern District of New York, the Northern District of Iowa, the Middle District of Florida, and the District of Connecticut.

Without access to these dockets and related litigation materials, it may well be impossible to continue this research project. I would be very grateful if you could assist me in completion of this project. I therefore request a fee waiver from PACER for documents held by the 94 U.S. district courts. PACER access will be used only for academic research. I would like to request a fee waiver for the duration of a year and, if possible, beyond.

If you have any questions, please feel free to get in touch with me. Thank you for your help.

Sincerely,

Kate Stith
Lafayette S. Foster Professor of Law
Yale Law School

## Application for Multi-Court Exemption from the
## Judicial Conference's Electronic Public Access (EPA) Fees

1.) I am requesting an exemption from fees for public access to electronic case records for the courts selected below:

### Courts of Appeal

☐ All Courts of Appeal
☐ First Circuit
☐ Second Circuit
☐ Third Circuit
☐ Fourth Circuit
☐ Fifth Circuit
☐ Sixth Circuit
☐ Seventh Circuit
☐ Eighth Circuit
☐ Ninth Circuit
☐ Tenth Circuit
☐ Eleventh Circuit
☐ D.C. Circuit
☐ Federal Circuit

### Bankruptcy Appellate Panels (BAP)

☐ First Circuit - BAP
☐ Sixth Circuit - BAP
☐ Eighth Circuit - BAP
☐ Ninth Circuit - BAP
☐ Tenth Circuit - BAP

### District Courts

☒ All District Courts

☐ Alabama Middle
☐ Alabama Northern
☐ Alabama Southern
☐ Alaska
☐ Arizona
☐ Arkansas Eastern
☐ Arkansas Western
☐ California Central
☐ California Eastern
☐ California Northern
☐ California Southern
☐ Colorado
☐ Connecticut
☐ Delaware
☐ District of Columbia
☐ Florida Middle
☐ Florida Northern
☐ Florida Southern
☐ Georgia Northern
☐ Georgia Middle
☐ Georgia Southern
☐ Guam
☐ Hawaii
☐ Idaho

☐ Illinois Northern
☐ Illinois Central
☐ Illinois Southern
☐ Indiana Northern
☐ Indiana Southern
☐ Iowa Northern
☐ Iowa Southern
☐ Kansas
☐ Kentucky Eastern
☐ Kentucky Western
☐ Louisiana Eastern
☐ Louisiana Middle
☐ Louisiana Western
☐ Maine
☐ Maryland
☐ Massachusetts
☐ Michigan Eastern
☐ Michigan Western
☐ Minnesota
☐ Mississippi Northern
☐ Mississippi Southern
☐ Missouri Eastern
☐ Missouri Western
☐ Montana

☐ Nebraska
☐ Nevada
☐ New Hampshire
☐ New Jersey
☐ New Mexico
☐ New York Eastern
☐ New York Northern
☐ New York Southern
☐ New York Western
☐ North Carolina Eastern
☐ North Carolina Middle
☐ North Carolina Western
☐ North Dakota
☐ Northern Mariana islands
☐ Ohio Northern
☐ Ohio Southern
☐ Oklahoma Eastern
☐ Oklahoma Northern
☐ Oklahoma Western
☐ Oregon
☐ Pennsylvania Eastern
☐ Pennsylvania Middle
☐ Pennsylvania Western
☐ Puerto Rico

☐ Rhode Island
☐ South Carolina
☐ South Dakota
☐ Tennessee Eastern
☐ Tennessee Middle
☐ Tennessee Western
☐ Texas Eastern
☐ Texas Northern
☐ Texas Southern
☐ Texas Western
☐ Utah
☐ Vermont
☐ Virgin Islands
☐ Virginia Eastern
☐ Virginia Western
☐ Washington Eastern
☐ Washington Western
☐ West Virginia Northern
☐ West Virginia Southern
☐ Wisconsin Eastern
☐ Wisconsin Western
☐ Wyoming

## Bankruptcy Courts

- ☐ All Bankruptcy Courts

| | | | |
|---|---|---|---|
| ☐ Alabama Middle | ☐ Illinois Northern | ☐ Nebraska | ☐ Rhode Island |
| ☐ Alabama Northern | ☐ Illinois Central | ☐ Nevada | ☐ South Carolina |
| ☐ Alabama Southern | ☐ Illinois Southern | ☐ New Hampshire | ☐ South Dakota |
| ☐ Alaska | ☐ Indiana Northern | ☐ New Jersey | ☐ Tennessee Eastern |
| ☐ Arizona | ☐ Indiana Southern | ☐ New Mexico | ☐ Tennessee Middle |
| ☐ Arkansas Eastern | ☐ Iowa Northern | ☐ New York Eastern | ☐ Tennessee Western |
| ☐ Arkansas Western | ☐ Iowa Southern | ☐ New York Northern | ☐ Texas Eastern |
| ☐ California Central | ☐ Kansas | ☐ New York Southern | ☐ Texas Northern |
| ☐ California Eastern | ☐ Kentucky Eastern | ☐ New York Western | ☐ Texas Southern |
| ☐ California Northern | ☐ Kentucky Western | ☐ North Carolina Eastern | ☐ Texas Western |
| ☐ California Southern | ☐ Louisiana Eastern | ☐ North Carolina Middle | ☐ Utah |
| ☐ Colorado | ☐ Louisiana Middle | ☐ North Carolina Western | ☐ Vermont |
| ☐ Connecticut | ☐ Louisiana Western | ☐ North Dakota | ☐ Virgin Islands |
| ☐ Delaware | ☐ Maine | ☐ Northern Mariana Islands | ☐ Virginia Eastern |
| ☐ District of Columbia | ☐ Maryland | ☐ Ohio Northern | ☐ Virginia Western |
| ☐ Florida Middle | ☐ Massachusetts | ☐ Ohio Southern | ☐ Washington Eastern |
| ☐ Florida Northern | ☐ Michigan Eastern | ☐ Oklahoma Eastern | ☐ Washington Western |
| ☐ Florida Southern | ☐ Michigan Western | ☐ Oklahoma Northern | ☐ West Virginia Northern |
| ☐ Georgia Northern | ☐ Minnesota | ☐ Oklahoma Western | ☐ West Virginia Southern |
| ☐ Georgia Middle | ☐ Mississippi Northern | ☐ Oregon | ☐ Wisconsin Eastern |
| ☐ Georgia Southern | ☐ Mississippi Southern | ☐ Pennsylvania Eastern | ☐ Wisconsin Western |
| ☐ Guam | ☐ Missouri Eastern | ☐ Pennsylvania Middle | ☐ Wyoming |
| ☐ Hawaii | ☐ Missouri Western | ☐ Pennsylvania Western | |
| ☐ Idaho | ☐ Montana | ☐ Puerto Rico | |

## National Courts

- ☐ Judicial Panel on Multidistrict Litigation
- ☐ U.S. Court of Federal Claims
- ☐ U.S. Court of International Trade

2.) I am an individual associated with [ Yale Law School ]

3.) Please summarize why the case information from the Public Access to Court Electronic Records (PACER) service is needed and how it will be used. Also, please explain why an exemption from the courts identified is necessary. If you need more space, please provide in an attachment.

Please see attached letter.

4.) In support of this application, I affirm the following:

   a) An exemption from the Judicial Conference's EPA Fee is necessary in order to avoid unreasonable burdens and to promote public access to information.

   b) That the exemption will be for a definitive period of time: One year from grant of fee exemption

   c) I understand that this fee exemption will apply only to me, will be valid only for the purposes stated above, and will apply only to the electronic case files of the court(s) indicated above that are available through the PACER service.

   d) I agree that any data received through this exemption will not be sold for profit, will not be transferred, will not be used for commercial purposes, and will not be redistributed via the Internet.

   **Declaration:** I declare that all the above information is true and understand that a false statement
[x] may result in termination of my exempt access and an assessment of Electronic Public Access usage fees. (The box must be marked or your request will not be considered)

Kate Stith

Applicant's Printed Name

Lafayette S. Foster Professor of Law

Appl

*[signature]*

Applicant's Signature

Applicant's Phone Number

kate.stith@yale.edu

Applicant's email address

P.O. Box 208215

Applicant's Mailing Address

| New Haven | CT | 06520 |
|---|---|---|
| City | State | Zip Code |

3/20/18

Date

Add Attachment

Submit by Email

Please submit your completed, signed request via email to Multi-CourtExemptions@ao.uscourts.gov or by mail to:

Attention: Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
One Columbus Circle, N.E.
Washington, DC 20544

    \*\* Requests sent through the US mail may take up to two weeks to clear security. \*\*

Model Order
_____

**[Caption]**

**Misc. File No.** _____

**In Re: Application for Exemption from the Electronic Public Access Fees by Professor Kate Stith**

This matter is before the Court upon the application and request by Professor Stith for exemption from the fees imposed by the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States Courts.

The Court finds that Professor Stith, as an individual researcher associated with an educational institution, falls within the class of users listed in the fee schedule as being eligible for a fee exemption. Additionally, Professor Stith has demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Accordingly, Professor Stith shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court, to the extent such use is incurred in the course of her researching sentencing enhancements under 21 U.S.C. § 851. She shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. Additionally, the following limitations apply:

1.  this fee exemption applies only to Professor Stith and is valid only for the purposes stated above;
2.  this fee exemption applies only to the electronic case files of this court that are available through the PACER system;
3.  by accepting this exemption, Professor Stith agrees not to sell for profit any data obtained as a result of receiving this exemption;
4.  Professor Stith is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via Internet based databases;
5.  this exemption is valid until 12 months from the date of this Order.

This exemption may be revoked at the discretion of the Court at any time. A copy of this Order shall be sent to the PACER Service Center.

Dated this _____ day of _____, 201_.

_____

**[Chief Judge]**